UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

THOMAS POWERS,               )
    Plaintiff,            )
                       )
    v.                      )   18-CV-4211
                       )
PAULA LODGE, et al.,         )
                       )
    Defendants.           )

## MERIT REVIEW OPINION

Plaintiff, proceeds pro se from his detention in the Rushville Treatment and Detention Center.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, the Court will review Plaintiff's amended complaint before sending the complaint for service to ensure that the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants have failed or refused to provide him adequate treatment for his diagnosed mental disorder. He alleges that the treatment that is provided is a sham, and that Defendants refuse to allow Plaintiff to progress in treatment until Plaintiff admits to the facts alleged in a criminal complaint against Plaintiff in a Winnebago county criminal case. Plaintiff alleges that, though he was convicted of the charges in that case, he is innocent and testified to such under oath. Plaintiff alleges that his sex offender treatment has been completely stopped and that Defendants refuse to administer a polygraph so that Plaintiff can prove he did not commit the crime that Defendants are pressuring him to admit.

Lastly, Plaintiff alleges that Defendants have retaliated against Plaintiff for pursuing lawsuits and engaging in other protected First Amendment activity. The retaliation includes removing Plaintiff from a larger room that Plaintiff needs for medical reasons and denying Plaintiff the opportunity to progress in his mental health treatment.

Some of these claims may be precluded by the Seventh Circuit's affirmance of Plaintiff's prior case challenging his mental health treatment. Powers v. Block, et al., Appeal Case No. 17-3441 (7th Cir. 2018). However, that determination would be premature. Further, alleged retaliation which occurred after that case would not be precluded. This case will, therefore, proceed for service on Plaintiff's mental health treatment and retaliation claims.

**IT IS ORDERED:**

1.  Pursuant to a review of the amended complaint, the Court finds that Plaintiff states the following federal constitutional claims: (1) constitutionally inadequate mental health treatment; and, (2) retaliation for Plaintiff's exercise of his First Amendment rights. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at

the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.    The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.    If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **Plaintiff's motions for the Court to attempt to recruit pro bono counsel to represent him are denied. (d/e's 4, 7.)** The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and

legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Pruitt, 503 F.3d at 655 (7th Cir. 2007). On this record, Plaintiff appears competent to proceed pro se. Plaintiff has significant litigation experience, and his pleadings adequately convey the factual basis for his claims. He also has personal knowledge of many of the relevant facts underlying his claims. The claims do not appear so complex as to require an attorney or an expert at this point.

**11. Plaintiff's motion for leave to file an amended complaint is granted. (d/e 9.)**

**12. Plaintiff's motion for a merit review is moot. (d/e 10.)**

**13. The Clerk is directed to separately docket Plaintiff's amended complaint.**

14. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 01/10/2019

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE